UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| REBEKAH D. M., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> KILOLO KIJAKAZI, ) <br> ) <br> Defendant. ) | Case No. 4:22-cv-04015-SLD-JEH |

ORDER

Before the Court is the parties' joint Stipulation to Award of Attorney Fees and Costs, ECF No. 24. The parties request that the Court award Plaintiff Rebekah D. M. $10,500.00 in attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1), which provides that a court must award fees and expenses to a prevailing party in any civil action brought by or against the United States. For the following reasons, the stipulation, construed as a motion, is GRANTED.

BACKGROUND

Rebekah filed this suit on January 24, 2022, seeking judicial review of Defendant Acting Commissioner of Social Security Kilolo Kijakazi's ("the Commissioner") final decision denying her claim for disability insurance benefits. *See* Compl. 1, ECF No. 1. On June 24, 2022, Rebekah moved for summary judgment, Mot. Summ. J., ECF No. 10, and the Commissioner moved for summary affirmance on July 21, 2022, Mot. Summ. Affirmance, ECF No. 14. The Court granted Rebekah's motion, denied the Commissioner's motion, reversed the Commissioner's decision, and remanded the case pursuant to sentence four of 42 U.S.C. § 405(g). Mar. 2, 2023 Order 10, ECF No. 21. Judgment was entered on March 3, 2023. Judgment, ECF No. 22. The parties filed the instant stipulation on May 31, 2023.

# DISCUSSION

### I. Attorney's Fees Under the EAJA

Under the EAJA, a successful litigant against the federal government is entitled to recover her attorney's reasonable fees if: (1) she is a "prevailing party"; (2) the government's position was not "substantially justified"; (3) there exist no special circumstances that would make an award unjust; and (4) she filed a timely application with the district court. 28 U.S.C. § 2412(d)(1); *Krecioch v. United States*, 316 F.3d 684, 687 (7th Cir. 2003).

First, Rebekah is a "prevailing party" within the meaning of the EAJA by virtue of having had judgment entered in her favor and her case remanded to the Commissioner for further review. *See Shalala v. Schaefer*, 509 U.S. 292, 301 (1993) (finding that a remand "which terminates the litigation with victory for the plaintiff" confers prevailing party status under the EAJA); *Tex. State Tchrs. Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 791–92 (1989) (deeming prevailing party status appropriate when "the plaintiff has succeeded on 'any significant issue in litigation which achieve[d] some of the benefit the parties sought in bringing suit'" (alteration in original) (quoting *Nadeau v. Helgemoe*, 581 F.2d 275, 278–79 (1st Cir. 1978))).

The next question is whether Rebekah's request for attorney's fees is timely. Section 2412(d)(1)(B) requires that a party seeking an award of fees submit to the court an application for fees and expenses within 30 days of final judgment in the action. The term "final judgment" refers to judgments entered by a court of law, not decisions rendered by an administrative agency. *Melkonyan v. Sullivan*, 501 U.S. 89, 96 (1991). In Social Security cases involving a remand, the filing period for attorney's fees does not begin until the judgment is entered by the court, the appeal period has run, and the judgment has thereby become unappealable and final.

*Id*. at 102; *Schaefer*, 509 U.S. at 302 ("An EAJA application may be filed until 30 days after a judgment becomes 'not appealable'—*i.e.*, 30 days after the time for appeal has ended."). Judgment was entered on March 3, 2023, and the parties filed the instant stipulation on May 31, 2023, 89 days later. Either party would have had 60 days to appeal, *see* Fed. R. App. P. 4(a)(1)(B) (providing that where one party is a United States officer sued in an official capacity, the parties have 60 days to appeal), plus the 30-day allowance in accordance with Section 2412(d)(1)(B). Thus, the parties had to make any EAJA application within 90 days of entry of judgment. Because the parties' stipulation falls within this window, the Court finds the request is timely.

The next issue is whether the government's position was "substantially justified." EAJA fees may be awarded if either the Commissioner's litigation position or her pre-litigation conduct lacked substantial justification. *Golembiewski v. Barnhart*, 382 F.3d 721, 724 (7th Cir. 2004). For the Commissioner's position to have been substantially justified, it must have had reasonable factual and legal bases and a reasonable connection between the facts and her legal theory. *Cunningham v. Barnhart*, 440 F.3d 862, 864 (7th Cir. 2006). Critically, the Commissioner has the burden of proving that her position was substantially justified. *Golembiewski*, 382 F.3d at 724 (citing *Marcus v. Shalala*, 17 F.3d 1033, 1036 (7th Cir. 1994)). Here, the parties have jointly filed a stipulation for attorney's fees. *See* Stipulation 1. The Commissioner thus cannot be said to have met her burden of establishing that both her litigation position and her pre-litigation conduct were substantially justified.

Finally, no special circumstances exist that would make an award of attorney's fees unjust. Therefore, Rebekah is entitled to recover reasonable attorney's fees under the EAJA.

II.     **Reasonableness of Rebekah's Attorney's Fees**

It is a successful litigant's burden to prove that the attorney's fees she requests are reasonable. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). Reasonable fees are calculated by multiplying the appropriate number of hours worked by a reasonable hourly rate. *Id*. at 433. The rate is calculated with reference to prevailing market rates and capped at $125 per hour unless the court determines that "an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved," warrants a higher hourly rate. 28 U.S.C. § 2412(d)(2)(A). The Seventh Circuit has set forth the following standard for EAJA claimants seeking a higher hourly rate:

> An EAJA claimant seeking a cost-of-living adjustment to the attorney fee rate . . . . may rely on a general and readily available measure of inflation such as the Consumer Price Index, as well as proof that the requested rate does not exceed the prevailing market rate in the community for similar services by lawyers of comparable skill and experience. An affidavit from a single attorney testifying to the prevailing market rate in the community may suffice to meet that burden.

*Sprinkle v. Colvin*, 777 F.3d 421, 423 (7th Cir. 2015).

To determine the appropriate number of hours worked, the Court turns to Rebekah's attorney's statement of time. *See* Time Statement, ECF No. 24-2. The time statement shows that Rebekah's attorney spent 58.25 hours on her case, with a further 0.25 hours spent on the case by support staff. *Id*. at 1–3. The Court finds that all 58.5 hours spent on this case were appropriately billed. *Cf. Kinsey-McHenry v. Colvin*, Cause No. 2:12-CV-332-PRC, 2014 WL 1643455, at *3 (N.D. Ind. Apr. 23, 2014) (noting that courts within the Seventh Circuit have found 40 to 60 hours expended on a Social Security appeal reasonable).

Rebekah's attorney asserts that his work should be compensated at the hourly rates of $222.15 for work performed in June 2022, $221.89 for work performed in August 2022, and $221.51 for work performed in January 2023. Time Statement 3. To justify the requested rate,

he points to the changes in the consumer price index ("CPI") for consumers in the Chicago-Naperville-Elgin area between the time Congress set the rate cap at $125 per hour (March 1996) and the CPI as of June 2022, August 2022, and January 2023.  *See id*.[1]  He further provides an affidavit from Attorney Brian D. Johnson attesting that the requested rate does not exceed the prevailing market rate for attorneys of similar caliber.  *See* Johnson Aff. ¶¶ 4–7.

The Court finds that an increase above the statutory $125 ceiling is warranted both by the changes in the CPI and by the assurances contained in the affidavit that the rate of compensation sought is not excessive.  To determine what fee increase above the statutory ceiling may be authorized, courts have looked to the ratio of the CPI at the time legal services were rendered to the CPI at the time the current statutory limit of $125 was set.  The $125 limit is multiplied by this ratio to determine the proportional change in rate.  *See, e.g.*, *Booker v. Colvin*, No. 09 C 1996, 2013 WL 2147544, at *6 (N.D. Ill. May 16, 2013); *Carnaghi v. Astrue*, No. 11 C 2718, 2012 WL 6186823, at *5 (N.D. Ill. Dec. 12, 2012).

The work in this case was performed during June 2022, August 2022, and January 2023.  Time Statement 1–3.  The CPI for June 2022 was 277.780, the CPI for August 2022 was 277.454, and the CPI for January 2023 was 276.982.  *See CPI for All Urban Consumers (CPI-*

---

[1] There is some confusion in the case law over whether courts should use a regional CPI or the national CPI.  *See, e.g.*, *Jensen v. Berryhill*, 343 F. Supp. 3d 860, 865–67 (E.D. Wis. 2018) (noting that district courts in the Seventh Circuit have used both the national and regional CPIs).  Rebekah's attorney does not specify which CPI he uses in the Time Statement, but the figures he uses match those for the Chicago-Naperville-Elgin area, so the Court presumes he wishes the Court to look to those numbers to calculate the changes in the CPI between March 1996 and June 2022, August 2022, and January 2023.  *See CPI for All Urban Consumers (CPI-U), Chicago-Naperville-Elgin Area*, U.S. Bureau of Labor Statistics, https://beta.bls.gov/dataViewer/view/timeseries/CUURS23ASA0 (change time period to from 1996 to 2023) (last visited June 8, 2023).  The Stipulation, however, suggests that the Court should look to the "CPI for the Midwest Region."  *See* Stipulation 3 & n.4.  Yet the Stipulation does not provide a calculation of the appropriate rates for June 2022, August 2022, and January 2023 based on this CPI, and the CPIs for the Midwest Region for March 1996 and June 2022, August 2022, and January 2023 do not match the figures provided by Rebekah's attorney.  *Compare CPI for All Urban Consumers (CPI-U), Midwest Area*, U.S. Bureau of Labor Statistics, https://data.bls.gov/cgi-bin/surveymost?cu (select Midwest region, All items) (change time period to from 1996 to 2023) (last visited June 8, 2023), *with* Time Statement 3.  The Court will follow Rebekah's attorney's lead and use the CPI for the Chicago-Naperville-Elgin area in calculating the changes in CPI between March 1996 and the months in which Rebekah's attorney worked on this case.

U), *Chicago-Naperville-Elgin Area*, U.S. Bureau of Labor Statistics, https://beta.bls.gov/dataViewer/view/timeseries/CUURS23ASA0 (change time period to from 1996 to 2023) (last visited June 8, 2023). As the CPI in March 1996 was 156.3, *id.*, the CPI had increased by a factor of 1.77722 in June 2022, 1.77514 in August 2022, and 1.77212 in January 2023. Increases of the $125 statutory cap to $222.15 for June 2022, $221.89 for August 2022, and $221.52 for January 2023 are therefore warranted. Using these rates, the total amount of attorney's fees for the 47.25 hours of work Rebekah's attorney performed in June 2022 is $10,496.59; the 7.00 hours of work performed in August 2022 is $1,553.23; and the 4.00 hours of work performed in January 2023 is $886.08, totaling $12,935.90.

Rebekah's attorney further asserts that the work performed by support staff should be compensated at an hourly rate of $40.00. *See* Time Statement 1. This hourly rate is reasonable. *See Chorak v. Astrue*, Civil No. 2:11CV114, 2012 WL 1577448, at *2 (N.D. Ind. May 4, 2012) (collecting cases awarding a $100.00 hourly rate to law clerks and paralegals). In this case, support staff expended a total of 0.25 hours. This results in a total of $10.00. Combining this figure with that for the attorney's work, $12,935.90, yields a total of $12,945.90. The parties have stipulated to a lesser amount of $10,500.00. This amount is reasonable. *See, e.g.*, *Miller v. Comm'r Soc. Sec.*, CAUSE NO. 1:16-cv-00122-SLC, 2018 WL 5668934, at *3, *5 (N.D. Ind. Nov. 1, 2018) (awarding an hourly rate of $190.00 for a total of $11,457.00 in fees and collecting cases approving similar rates).

## CONCLUSION

Accordingly, the Stipulation to Award of Attorney Fees and Costs, ECF No. 24, construed as a motion, is GRANTED. Plaintiff Rebekah D. M. is awarded $10,500.00 in EAJA fees. This amount may be offset to satisfy any pre-existing debt that Rebekah owes to the United

States.  *See Astrue v. Ratliff*, 560 U.S. 586, 593 (2010).  If Rebekah provides a valid assignment of fees and the Commissioner can verify that Rebekah does not owe a pre-existing debt to the United States subject to offset, the Commissioner shall direct payment of the award to Rebekah's attorney.  *See Mathews-Sheets v. Astrue*, 653 F.3d 560, 565–66 (7th Cir. 2011), *overruled on other grounds by Sprinkle*, 777 F.3d 421.  If Rebekah does owe a pre-existing debt subject to offset in an amount less than the EAJA award, the Commissioner will instruct the U.S. Department of the Treasury that any check for the remainder after offset be made payable to Rebekah and mailed to the business address of Rebekah's attorney.

    Entered this 10th day of July, 2023.

s/ Sara Darrow  
SARA DARROW  
CHIEF UNITED STATES DISTRICT JUDGE